no one but himself did business under it, and that issuance in his individual name was thereafter refused.

7. BROKERS, § 52*—*when principal liable for commissions for procuring loan.* A party employing real estate agents to procure a loan is liable for commissions where he refuses to take the loan and to sign the necessary papers therefor after the agent has made arrangements with third parties for the loan.

---

### Amanda Jones, Appellee, v. Anton Jones, Appellant.

### Gen No. 19,129.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed April 23, 1914.

### Statement of the Case.

Bill filed by Amanda Jones against Anton Jones for separate maintenance, alleging that complainant was compelled to leave the defendant because of his inhuman treatment, habitual drunkenness and adultery, and praying for the custody of a child, alimony and solicitor's fees. Defendant filed an answer denying the material averment of the bill and further denying that she was a proper person to have the care and custody of the child, and also filed a cross-bill alleging, *inter alia,* that complainant wilfully deserted him without just cause and praying for an absolute divorce and the custody of said child. The chancellor found the issues for complainant and entered a decree for separate maintenance, giving her the care and custody of the child, and requiring defendant to pay for her support and the support of said child ten dollars per week, and also a sum of fifty dollars for solicitor's fees. To reverse the decree, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

BURNS & TRAUB, for appellant.

GEORGE W. RUGBY, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. HUSBAND AND WIFE, § 267*—*when finding of chancellor in separate maintenance proceeding will not be disturbed.* A finding of a chancellor in a suit for separate maintenance, where the witnesses have been orally examined in open court, will not be disturbed on appeal unless the evidence clearly preponderates against it.

2. APPEAL AND ERROR, § 1466*—*when admission in evidence of affidavit of doctor not reversible error.* On bill for separate maintenance, admission in evidence of an affidavit of a doctor, over objection of counsel for defendant, *held* not reversible error.

---

## Ferdinand C. Niemeyer, Defendant in Error, v. Gust Berg and Joseph Brabec, Plaintiffs in Error.

### Gen. No. 19,185. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LABUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed April 23, 1914.

### Statement of the Case.

Action in tort by Ferdinand C. Niemeyer against Gust Berg and Joseph Brabec in the Municipal Court of Chicago. Plaintiff's statement of claim alleged that the defendants pretended to assign to plaintiff a certain lease then existing between the defendants as lessor and lessee of certain premises; that the lessor, Berg, represented that it would be necessary for plain-

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.